REINHARDT, Circuit Judge,
concurring.
I concur in the memorandum disposition. I write separately to express my view that Holley v. Yarborough, 568 F.3d 1091 (9th Cir.2009) was wrongly decided, and merits reconsideration en banc at a future date. It is not true, as Holley held, that the introduction of “overtly prejudicial” evidence at trial could never be found to violate “clearly established federal law” because the Supreme Court “has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ.” Id. at 1101.
The Supreme Court has expressly left open the question of whether the introduction of propensity evidence would violate due process because it was propensity evidence. See Estelle v. McGuire, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Alberni v. McDaniel, 458 F.3d 860 (9th Cir.2006), therefore correctly held that there is no clearly established law that the admission of propensity evidence per se violates due process. See id. at 866-67. The Court has not, however, left open the question of whether the admission of unduly prejudicial evidence could violate due process. Although it has not held that the admission of a particular piece of evidence did, in fact, violate due process, the Court has stated that due process entitles a defendant to a trial that is fundamentally fair, and has applied this standard in holding that the admission at trial of particular prejudicial evidence did not violate due process. See Estelle, 502 U.S. at 75, 112 S.Ct. 475; Dowling v. United States, 493 U.S. 342, 352, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990). Thus, as we held in Albemi, “The Supreme Court has established a general principle that evidence that ‘is so fundamentally unfair that its admission violates fundamental conceptions of justice’ may violate due process.” 458 F.3d at 864 (quoting Dowling, 493 U.S. at 352, 110 S.Ct. 668).
This “fundamental conceptions of justice” standard is a broad one. Most state court applications of it are therefore likely to be reasonable. See Harrington v. Richter, — U.S.-, 131 S.Ct. 770, 778, 178 L.Ed.2d 624 (2011) (“[T]he more general the rule being considered, the more leeway courts have in reaching outcomes in case-by-case determinations.”) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)). Habeas petitioners are not, however, categorically foreclosed from prevailing on such a due process claim when the deferential 28 U.S.C. § 2254(d)(1) standard applies. In some cases, it undoubtedly would be unreasonable for a state court to conclude that the introduction of “overtly prejudicial” evidence did not violate due process. Holley is therefore wrong, and should be reconsidered in an appropriate case.